IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| WILLIAM KENNY, individually and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>SEMINOLE WIND RESTAURANT OF BAINBRIDGE, LLC, SEMINOLE WIND RESTAURANT OF THOMASVILLE, LLC, SEMINOLE WIND RESTAURANT OF CAIRO, LLC, and THOMAS BRYANT,<br><br>    Defendants. | Civil Action No. 7:14-CV-97 (HL) |

## ORDER

Before the Court is Defendants' Motion to Set Aside Entry of Default (Doc. 11) pursuant to Federal Rule of Civil Procedure 60(b). The motion is granted. Rule 55(c) permits courts to "set aside an entry of default for good cause," and "defaults are not favored in federal court [because] trials on the merits are the preferred method for resolving disputes." Ritts v. Dealers Alliance Credit Corp., 989 F. Supp. 1475, 1480 (N.D. Ga. 1997).

Defendants have shown good cause for setting aside entry of default. Following a stipulation between the parties, Defendants had through July 28, 2014 in which to file a responsive pleading to the Complaint. On July 28,

Defendants' attorney attempted to file a motion to dismiss the Complaint. Based on the response generated by CM/ECF, the attorney believed that she had successfully filed the motion to dismiss, although in actuality the filing was not completed. Defendants moved to set aside entry of default two days after the clerk's entry of default upon Plaintiff's motion. The Court finds that Defendants' failure to file a pleading in response to the Complaint was not willful and that setting aside entry of default will not prejudice Plaintiff.

**SO ORDERED**, this the 25th day of August, 2014.

*s/ Hugh Lawson*_____
**HUGH LAWSON, SENIOR JUDGE**

scr