**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

**WILLIAM KENNY, individually and on behalf of others similarly situated,**

Plaintiff,

v.

**SEMINOLE WIND RESTAURANT OF BAINBRIDGE, LLC, SEMINOLE WIND RESTAURANT OF THOMASVILLE, LLC, SEMINOLE WIND RESTAURANT OF CAIRO, LLC, and THOMAS BRYANT**,

Defendants.

Civil Action No. 7:14-CV-97 (HL)

**ORDER**

Before the Court is Defendant Thomas Bryant's Motion to Dismiss (Doc. 12) pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the motion is granted in part and denied in part.

## I. Motion to Dismiss Standard

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is plausible if its

factual allegations allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. Twombly, 550 U.S. at 556.

In ruling on a motion to dismiss, the court must accept "all well-pleaded facts … as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n. 1 (11th Cir. 1999). However, this tenet does not apply to legal conclusions in the complaint. Iqbal, 556 U.S. at 679. "[C]onclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002). A court must dismiss the complaint if, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Executive 100, Inc. v. Martin County, 992 F.2d 1536, 1539 (11th Cir. 1991) and Bell v. Hood, 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed.2d 939 (1946)).

## II. Factual Summary

Construing the Complaint's factual allegations in favor of Plaintiff William Kenny ("Kenny"), Defendant Thomas Bryant ("Bryant") is the owner and

managing member of Defendants Seminole Wind Restaurant of Bainbridge, LLC; Seminole Wind Restaurant of Thomasville, LLC; and Seminole Wind Restaurant of Cairo, LLC (collectively "Defendants"). Defendants operate various restaurants. From approximately July 2009 until June 2013, Plaintiff was employed by Defendants, primarily at the Bainbridge location, where he was the general manager. From time to time, Plaintiff filled in for other workers at the restaurant in Cairo and, prior to its closing, the restaurant in Tallahassee, Florida. (Complaint, Doc. 1, pp. 2-3, ¶¶5-12).

While employed by Defendants, Plaintiff regularly worked more than forty hours a week, but for these overtime hours Defendants did not pay him at a rate that was one and a half times his normal pay rate. Defendants engaged in a practice of paying their employees the standard rates even when the employees were working overtime. As the owner and managing member of the corporate Defendants, Bryant regularly hired and fired employees of the corporate entities, set the employees' compensation, and controlled the operations and finances of the corporate Defendants. (Id. at p. 3, ¶¶10, 13).

On his own behalf and on behalf of all other similarly-situated employees, Plaintiff sued Defendants in this Court on June 23, 2014. He alleges that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by failing to pay employees for overtime work at a rate that was at least one

and a half times their normal pay rate. Additionally, Plaintiff alleges that these violations were willful. (Id. at pp. 4-5, ¶¶1-9). Defendant Bryant now moves to dismiss Plaintiff's claims against him, contending that he is not a proper party to this action, that the Complaint fails to state a claim against him, and that the collective action allegations in the Complaint fail to meet the pleading standards set forth in Twombly and Iqbal.

## III. Legal Analysis

### A. Defendant Bryant as Plaintiff's Employer

The Court is unconvinced by Bryant's argument that he was not Plaintiff's employer and, consequently, is not a proper party to this action. While it is true "that 'individuals are ordinarily shielded from personal liability when they do business in a corporate form' … the FLSA contemplates at least some individual liability…." Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1313 (11th Cir. 2013) (quoting Baystate Alt. Staffing, Inc. v. Herman, 163 F.3d 668, 677 (1st Cir. 1998)). The FLSA's definition of "employer" is broad and includes "both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an employee.'" Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1298 (11th Cir. 2011) (quoting 29 U.S.C. § 203(d)). The Eleventh Circuit has interpreted this statutory language to mean that there could be individual liability for someone

who controls "a corporation's financial affairs and can cause the corporation to compensate (or not to compensate) employees in accordance with the FLSA." Lamonica, 711 F.3d at 1313 (internal quotation omitted). An individual's ownership interest in the business and control over its day-to-day activities are indicative of whether the individual caused the alleged FLSA violation. Id.

The Complaint's allegations are sufficient to establish Bryant's liability under this test.[1] According to the Complaint, Bryant was the owner and managing member of the various limited liability companies that employed Plaintiff. Bryant hired and fired the companies' employees, determined their compensation, and controlled the companies' operations and finances. These allegations state a sufficient nexus between Bryant's activities and the failure to pay Plaintiff appropriate wages for his overtime labor as to allow Plaintiff to move forward with his claim that Bryant is liable for FLSA violations. Of course, whether there is actually evidence to support these allegations will have to be determined in discovery.

[1] Bryant has filed an affidavit in support of his denial that he was Plaintiff's employer. In analyzing a motion to dismiss under Rule 12(b)(6), a court is generally restricted from considering matters outside the pleadings. *See* Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1267 (11th Cir. 2002). Thus, the Court declines to consider Bryant's affidavit. If he wishes the Court to examine the evidence contained in the affidavit, he may, of course, file a motion for summary judgment.

**B. Alleged Violations of the FLSA**

The Complaint also sufficiently alleges a claim for unpaid overtime wages. Bryant insists, without citing any binding authority, that this claim is deficiently pled because the Complaint does not allege the specific number of overtime hours for which Plaintiff has not been fully compensated. Under Federal Rule of Civil Procedure 8, even if a complaint does not contain "detailed factual allegations," it is nonetheless sufficient so long as it "give[s] the defendant fair notice of what … the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (internal quotations and citations omitted). A complaint's factual allegations need only "be enough to raise a right to relief above the speculative level." Id. Plaintiff's Complaint meets this standard because it tells Defendants what his claim is and the factual basis for it.

**C. Collective Action Allegations**

The motion to dismiss is granted with regard to the Complaint's claim on behalf of those employees who are similarly situated to Plaintiff. Defendant Bryant argues that the collective action elements of the Complaint fail to state a claim upon which relief may be granted. Plaintiff maintains that the appropriate time to consider this issue is when, and if, he moves to conditionally certify a class of similarly situated employees. The Court disagrees. Numerous courts have determined that a complaint's collective action elements under the FLSA

are still subject to the pleading standards of Rule 8 and may be dismissed under Rule 12(b)(6). *See* Dyer v. Lara's Trucks, Inc., 1:12-cv-1785-TWT, 2013 WL 609307, at *4 (N.D. Ga. Feb. 19, 2013) (citing various cases). The Court concurs with their reasoning. Plaintiff may not pursue discovery concerning FLSA violations wrought against a class of employees unless his Complaint fairly informs Defendants of the nature of this putative class.

The Complaint fails to state a claim so far as any collective action is concerned because it does not adequately identify a class of "similarly situated employees" to Plaintiff. According to the Complaint, "Defendants engaged in a practice of paying all hourly employees, including the Plaintiff, at a straight time rate of pay for all hours in excess of 40." (p. 3, ¶13). Accordingly, Plaintiff asserts "that there are other similarly situated current and former hourly employees of the Defendants who are entitled [to] overtime compensation[]." (Id. at p. 5, ¶9). Plaintiff worked as a general manager at restaurants in Cairo, Georgia, Bainbridge, Georgia, and Tallahassee, Florida during the period from July 2009 to June 2013, but the Complaint does not allege where these "similarly situated employees" worked, what their duties were, or when they were not paid overtime compensation. Lacking such information, the Complaint does not provide Defendants with notice of what constitutes this class of employees, as Rule 8 requires. *See* Dyer, 2013 WL 609307, at *4.

Therefore, the class action elements of the Complaint are dismissed. Plaintiff has requested that, in the event the motion to dismiss was granted in part or in full, he be given an opportunity to amend his Complaint. His request is granted. Any amended complaint must be filed not later than January 13, 2015.

## IV. Conclusion

For the reasons stated above, the Defendant Thomas Bryant's Motion to Dismiss (Doc. 12) is granted in part and denied in part. The Complaint is dismissed to the extent Plaintiff seeks to bring claims on behalf of similarly situated employees. If Plaintiff wishes to file an amended complaint, he must do so not later than January 13, 2015.

**SO ORDERED**, this the 23rd day of December, 2014.

***s/ Hugh Lawson***________________
**HUGH LAWSON, SENIOR JUDGE**

scr